1  JILL F. TEITELBAUM, Bar No. 144449
   BRAGG & KULUVA
2  555 S. Flower Street
   Suite 600
3  Los Angeles, California 90071
   (213) 612-5335
4  (213) 612-5712 Facsimile
   jteitelbaum@braggkuluva.com
5
6  Attorneys for Defendant,
   Herb Thyme Farms, Inc.
7
8
9          UNITED STATES DISTRICT COURT
10         CENTRAL DISTRICT OF CALIFORNIA
11              WESTERN DIVISION
12

13  KATHLEEN GUNDERSON,              CV11- 05435 AHM (JCGx)
14       Plaintiff,                  [Los Angeles Superior Court Case No.
15           vs.                     BC462349]
16  HERB THYME FARMS, INC.; AND      NOTICE OF REMOVAL OF CIVIL
17  DOES 1 TO 100, INCLUSIVE,        ACTION UNDER 28 U.S.C. § 1441(b);
                                     MEMORANDUM OF POINTS AND
18       Defendants.                 AUTHORITIES IN SUPPORT
                                     THEREOF
19
20                                   (DIVERSITY JURISDICTION)

21  TO THE CLERK OF THE ABOVE-ENTITLED COURT:      FILED BY FAX

22       PLEASE TAKE NOTICE that HERB THYME FARMS, INC. (hereinafter

23  "Defendant") hereby removes to this Court the state court action described below.

24       PLEASE TAKE FURTHER NOTICE that a Notice of Removal of Action to

25  Federal Court, along with a true and correct copy of this Notice of Removal, is being

26  served on counsel for Plaintiff KATHLEEN GUNDERSON ("Plaintiff") and filed

27  concurrently with the Clerk of the Superior Court of the State of California, in and for

28  the County of Los Angeles.

                                      1

1.     On May 26, 2011, Plaintiff filed an action in the Superior Court of the State of California in and for the County of Los Angeles entitled, *Kathleen Gunderson v. Herb Thyme Farms, Inc., et al.* Case No. BC462349.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

2.     Defendant was served with a copy of the Complaint and Summons on June 3, 2011.

3.     Defendant filed an answer in this action in the Superior Court of the State of California in and for the County of Los Angeles, on June 29, 2011.  A true and correct copy of the Answer is attached hereto as Exhibit "B."

4.     This Notice of Removal is timely because it is filed within thirty (30) days of receipt of the Complaint by Defendant.  28 U.S.C. § 1446(b).

5.     Based on the allegations contained in the Complaint (¶4), Defendant is informed and believes that Plaintiff was, at the time of filing this action, and is currently, a resident of the State of California.

6.     Defendant Herb Thyme Farms, Inc. was, at the time this action was filed, and is currently, incorporated in the State of Delaware, with its principal place of business in Perrysburg, Ohio.

7.     Defendant is informed and believes that none of the purported Doe Defendants have been served by Plaintiff with the Summons, Complaint, and/or related documents.

8.     The Summons, Complaint, and related documents, and Defendant's Answer (Exhibits "A" and "B") constitute all of the process, pleadings and orders which Defendant has knowledge of being filed in the Superior Court Action.

9.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between the citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The action may properly

be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.
§ 1441(b) because:

    a.  At the time of the commencement of this action and at all times since, Defendant was, and continues to be, a corporation under the laws of the State of Delaware with its principal place of business in Perrysburg, Ohio. Thus, Defendant is not a citizen of the State of California.

    b.  Defendant is informed and believes and thereon alleges that at the time of the commencement of this action and at all times since, Plaintiff was, and continues to be, a citizen of the State of California.  (See Complaint ¶4.)

    c.  Although unidentified fictitious "Doe" Defendants are alleged in the Complaint, 28 U.S.C. § 1441(a) provides, in pertinent part, that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

    d.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.  Based on the allegations of the Complaint, (including claims for wrongful termination in violation of public policy, failure to pay earned wages, failure to pay overtime, failure to pay wages in a timely manner, failure to pay meal and rest periods, failure to pay accrued vacation at time of termination, failure to furnish wage and hour statements, failure to maintain payroll records, and unfair business practices), Plaintiff seeks recovery for wage loss (both to the present and into the future), recovery for emotional and psychological damages, *punitive damages*, and attorneys' fees, and statutory penalties; therefore, the amount in controversy exceeds $75,000.

    e.  The documents submitted herewith comply with the requirements of 28 U.S.C. §1446.

10.    For the reasons stated above, this Court has diversity jurisdiction pursuant

3

1    to 28 U.S.C. § 1332.  Accordingly, this action is removable pursuant to 28 U.S.C.

2    §§ 1441(b) and 1446.

3    DATED: June 30, 2011            BRAGG & KULUVA

4

5                        By: _____

6                           JILL F. TEITELBAUM
                          Attorney for Defendant

7                           Herb Thyme Farms, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I.   *INTRODUCTION*

Plaintiff KATHLEEN GUNDERSON ("Plaintiff") alleges the following **seven** causes of action in her Complaint: (1) Failure to Pay Earned Wages – California Labor Code §§ 204, 206, 216, 218.5, 218.6); (2) Failure to Pay Overtime Compensation – California Labor Code §§ 510 and 1194; (3) Failure to Pay Wages in a Timely Manner – California Labor Code §§ 204 and 206 et seq.;(4) Failure to Pay Meal and Rest Period Compensation – Labor Code § 226.7; (5) Failure to Accrued Vacation Time – Labor Code §§ 201 and 227.3; (6) Failure to Furnish Wage and Hour Statements – Labor Code §§ 226 and 226.3; (7) Failure to Maintain Payroll Records – Labor Code § 226, 1174, 1174.5) (8) Wrongful Termination in Violation of Public Policy; and (9) Unfair Competition.  The crux of Plaintiff's Complaint is that she was improperly classified as an exempt employee and was wrongfully terminated after confiding to one of her supervisors that she was considering "blowing the whistle" on the company for alleged wrong deeds.

### II.   *DEFENDANT HAS REMOVED THIS ACTION IN A TIMELY MANNER.*

The Summons and Complaint filed on May 26, 2011 were served on Defendant on June 3, 2011 by personal service.  Removal of an action is to occur "within thirty days after the receipt" of the Summons and Complaint.  28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (the thirty day period to remove commences with formal service on the defendant).

In the present case, Defendant has removed the Superior Court Action within 30 days of (improper) service of the Summons and Complaint on Defendant.

### III.   *PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON DIVERSITY JURISDICTION.*

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000,

exclusive of interest and costs.  28 U.S.C. § 1332.  An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b) and in conformance with 28 U.S.C. §1446.

### A.   *There is Complete Diversity Between Plaintiff and Defendant.*

### 1.   *Citizenship of Defendant*

A partnership is considered a "citizen" for diversity purposes of each state of which its members are citizens.  *Carden v. Arkoma Assoc.* (1990) 494 U.S. 185, 195, 110 S. Ct. 1015, 1021.  Both at the commencement of this action and at the present time, the Defendant's place of incorporation was Delaware and its principal place of business was Perrysburg, Ohio.

### 3.   *Citizenship of Plaintiff*

As set forth above, Plaintiff's citizenship for diversity purposes is determined by her state of domicile.  *Kantor v. Wellesley Galleries, Ltd.* 704 F.2d 1088, 1090 (9th Cir. 1983).  Here, Defendant is informed and believes that Plaintiff is a resident of California. (See Complaint ¶ 4.)  Thus, there is complete diversity of citizenship between Plaintiff and the Defendant.

### B.   *The Amount in Controversy Exceeds $75,000*

In addition to there being complete diversity of citizenship, the Complaint implies that the amount in controversy is at least $75,000, exclusive of costs and interest.  In *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997), the Ninth Circuit discussed how to determine the amount in controversy where, as here, the Complaint does not allege a specific sum of damages for the Plaintiff.  The defendant's burden is met where it is "facially apparent from the complaint" that the amount in controversy exceeds $75,000, or where such facts are set forth in the removal papers.  *Id.* at 377; *Conrad Assoc. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

Based on the allegations of the Complaint and information and belief, Plaintiff seeks to recover at least $75,000 due to alleged lost earnings and benefits, general

6

damages, loss of earning capacity and emotional and psychological damages, which must also be considered when determining whether the amount in controversy exceeds $75,000. *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982).

Further, she seeks punitive damages for her eighth cause of action. *See Anthony v. Security Pac. Fin'l Svs., Inc.* 75 F.3d 311, 315 (7th Cir. 1996) (amount in controversy for diversity purposes may include punitive damages if: (1) they are recoverable as a matter of state law; and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to such recovery).

As set forth above, Plaintiff also seeks recovery for emotional distress damages. California law places no maximum dollar figure on the amount of such damages a successful plaintiff can recover. Courts have affirmed emotional distress awards alone in excess of the jurisdictional minimum under 28 U.S.C. § 1332. *See, e.g., Stephens v. Coldwell Banker Commercial Group*, 199 Cal. App.3d 1394, 245 Cal. Rptr. 606 (1988) (affirming $100,000 award for claim of intentional infliction of emotional distress).

Based upon the foregoing, the amount in controversy is clearly in excess of $75,000, exclusive of costs and interest.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant submits that Plaintiff's Superior Court action is properly removable to this District Court.

DATED:  June 30, 2011                    BRAGG & KULUVA


By:   _____
      JILL F. TEITELBAUM
      Attorney for Defendant
      Herb Thyme Farms, Inc.

A

$E_{XHIBIT}$ '$A$'

Gene J. Goldsman – SBN 76554
Arik Shafir – SBN 223405
**LAW OFFICES OF GENE J. GOLDSMAN**
501 Civic Center Drive West
Santa Ana, California 92701
(714) 541-3333 /FAX (714) 541-0456

Attorneys for Plaintiff
KATHLEEN GUNDERSON

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 26 2011

John A. Clarke, Executive Officer/Clerk,
By _____, Deputy
SHAURYA WESLEY

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| KATHLEEN GUNDERSON<br><br>Plaintiff,<br><br>vs.<br><br>HERB THYME FARMS, INC.; and DOES 1 TO 100, inclusive,<br><br>Defendants. | Case No.: **B C 4 6 2 3 4 9**<br><br>**COMPLAINT FOR DAMAGES**<br><br>Assigned To:<br><br>Department: |

Plaintiff KATHLEEN GUNDERSON ("Plaintiff") hereby complains against Defendants, and each of them, and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for violation of California's wage and hour laws based on misclassification of a non-exempt administrative employee, and wrongful termination. Plaintiff alleges that Defendant HERB THYME FARMS, INC. (hereinafter "HERB THYME") by and

1

through its agents, sole proprietors, owners, shareholders, officers, directors, members and managing agents, and alter egos, as well as Does 1 through 100, inclusive (collectively "Defendants"): (1) failed to pay Plaintiff earned wages for hours and days worked; (2) failed to pay Plaintiff overtime compensation; (3) failed to provide Plaintiff meal and rest breaks; (4) failed to pay Plaintiff's earned wages in a timely manner; (5) failed to pay Plaintiff accrued vacation time upon termination; (6) failed to provide Plaintiff with timely and accurate wage statements; (7) failed to maintain complete and accurate payroll records for Plaintiff; (8) wrongfully terminated Plaintiff in violation of public policy; and (8) violated the *Unfair Competition Law*, Business & Professions Code § 17200, et seq. (the "UCL") in an effort to increase profits and to gain an unfair business advantage at the expense of Plaintiff and the public. The foregoing acts, and other acts by the Defendants, violated provisions of the Labor Code, including, but not limited to sections 201, 202, 203, 204, 206, 207, 210, 216, 218.5, 218.6, 221-223, 225.5, 226, 226.3, 226.7, 227.3, 401-410, 510, 512, 515, 551, 552, 553, 558, 1174, 1174.5, 1182, 1197, 2802 and 3751, the UCL, applicable wage orders, other laws and regulations and Plaintiff's rights.

2.     Venue is proper in this Court because HERB THYME does business in Los Angeles County, California, and employed Plaintiff in Los Angeles County, California.

## THE PARTIES

3.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 2, inclusive, as though set forth fully herein.

4.     Plaintiff KATHLEEN GUNDERSON is, and at all times mentioned herein was, a competent adult residing in the County of Los Angeles, State of California.

2

5.     Plaintiff is informed and believes, and based thereon alleges that defendant HERB THYME FARMS, INC. is a business organization, form unknown, with its principal place of business located at 7909 Crossway Drive, Pico Rivera, California.

6.     Based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to the Labor Code and other California law including, but not limited to, Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage orders issued by the Industrial Welfare Commission.

7.     At all times herein mentioned, defendants, and each of them, were the agents, managing agents, servants, employees, alter-egos, co-conspirators, joint-venturers, partners, successors in interest and predecessors in interest of each of the other defendants.

8.     At all times herein mentioned, defendants, and each of them, were acting within the purpose, course and scope of said agency and/or employment so as to invoke vicarious liability and respondeat superior liability, among other theories of liability, to hold defendants liable and responsible for the injuries and damages to Plaintiffs.

9.     At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture, partnership and common enterprise, and acting within the purpose, course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

10.     At all times herein mentioned, the acts and omissions of various defendants contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

11.     At all times herein mentioned, defendants, including all defendants' managing agents, officers and directors, had advanced knowledge of and/or ratified each and every act or omission set forth throughout this complaint.  At all times relevant herein, defendants and/or their

3

managing agents, officers or directors committed and/or participated in the wrongful acts and omissions complained of throughout this complaint or ratified such acts and omissions. At all times herein mentioned, the defendants aided and abetted the acts and omissions of each and all of the other defendants in proximately causing the damages as herein alleged.

12.     Plaintiff is unaware of the true names and capacities of those defendants identified as Does 1 through 100, and therefore sue them by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when Plaintiff knows them.

13.     Plaintiff is informed and believes, and on that basis alleges that each defendant sued in this action, including each defendant sued by the fictitious names Does 1 through 100, inclusive, is responsible and liable in some manner for the occurrences, controversies and damages alleged below.

14.     Defendants HERB THYME and DOES 1 through 100, inclusive, will collectively be referred to herein as "Defendants."

## SPECIFIC ALLEGATIONS

15.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

16.     Between approximately October 8, 2007 and May 26, 2009, Plaintiff KATHLEEN GUNDERSON was employed by HERB THYME as an Executive Assistant.

17.     During her employment with HERB THYME, Plaintiff's duties included filling out forms, filing documents, preparing reports, picking up lunch and performing various errands on behalf of her supervisors.  Plaintiff did not supervise any other employee or have the power to

4

hire or fire any employee.  Plaintiff's duties did not involve the exercise of discretion or independent judgment with respect to matters of significance for the company.

18.     Notwithstanding the foregoing, Plaintiff was improperly classified as an exempt employee.

19.     During her employment with HERB THYME, Plaintiff was routinely required to work more than eight hours per day and forty hours per week.  Plaintiff has not received accurate wage statements reflecting the overtime she worked.  Plaintiff has not received compensation for overtime worked at the rate required by California law.

20.     Defendants routinely failed to provide Plaintiff with rest breaks after working the requisite number of hours, and routinely required Plaintiff to work more than the requisite number of hours without being given at least a 30-minute meal break.  Further, Defendant routinely failed to compensate Plaintiff for these missed rest breaks and meal breaks.

21.     Defendants failed to maintain and provide Plaintiff with timely and accurate wage and hour statements.

22.     Defendants failed to maintain complete and accurate payroll records for Plaintiff.

23.     Defendants failed to pay Plaintiff her wages in a timely manner, and still owe her compensation for time worked.

24.     During her employment at HERB THYME, Plaintiff learned of various illegal and unethical acts on the part of the company including, but not limited to, the marketing of herbs grown with pesticides as "organic."  In or about May 2009, Plaintiff confided to one of her supervisors Pam Castellano that she was considering "blowing the whistle" on the company for these violations.

25.     Approximately one week after conveying her concerns to Ms. Castellano, Plaintiff was suspended from her employment for two days.

26.     Shortly after returning from her suspension, Plaintiff was notified that her employment was terminated. Her last day of work was May 26, 2009.

27.     Defendants failed to pay Plaintiff her accrued vacation time upon termination of employment, pursuant to Labor Code Sections 201 and 227.3.

28.     As set forth above, and throughout this complaint, Defendants have engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, Business and Professions Code §17200, et seq.

29.     Plaintiff is informed and believes, and based thereon alleges that Defendants have engaged in other illegal and wrongful acts, which are currently unknown to Plaintiff. Upon discovery of such acts, Plaintiff will amend this complaint to allege these unknown illegal and wrongful acts and omissions committed by Defendants.

30.     Pursuant to the Labor Code, California laws and applicable wage orders, Plaintiff is entitled to various "civil penalties" where appropriate and to the extent permitted by Labor Code §§ 2698 and 2699 et seq. ("PAGA").

31.     Plaintiff, as aggrieved party, is in the process of notifying California's Labor and Workforce Development Agency ("LWDA") of Defendants' Labor Code and other violations as alleged herein with intent to seek civil penalties under PAGA.  Upon receipt of the LWDA'S decision regarding its intent to investigate the Labor Code and other violations alleged herein, Plaintiff shall amend this complaint as a matter of right, pursuant to Labor Code § 2699.3(a)(2)(C), and sue under PAGA to collect the civil penalties authorized therein if so permitted by the LWDA.



32. Pursuant to the Labor Code, California law, and applicable wage orders, Plaintiff is entitled to all damages, unpaid wages, statutory penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendants.

## FIRST CAUSE OF ACTION
### For Failure to Pay Earned Wages
### (Labor Code §§ 204, 206, 216, 218.5, 218.6)
### (By Plaintiff Against All Defendants)

33. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 32, inclusive, as though set forth fully herein.

34. Defendants failed and refused to pay Plaintiff all the wages that she earned as required by the Labor Code and other applicable laws and regulations.

35. At all times relevant herein, Defendants had the ability to pay Plaintiff all wages due but willfully refused to pay Plaintiff her wages due. Defendants falsely denied the amount or validity of wages due to Plaintiff. Defendants did this with the intent to secure for themselves a discount on their indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud Plaintiff.

36. Plaintiff has been deprived of her rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs and applicable civil and statutory penalties.



## SECOND CAUSE OF ACTION
### For Failure to Pay Overtime Compensation
#### (Labor Code §§ 510 and 1194)
#### (By Plaintiff Against All Defendants)

37.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 36, inclusive, and all other causes of action, as though set forth fully herein.

38.    Defendants routinely required Plaintiff to work more than eight hours per day. Defendants routinely required Plaintiff to work more than forty hour per week.  Defendants failed and refused to pay Plaintiff the overtime compensation required by the Labor Code, and other applicable laws and regulations.

39.    Plaintiff has been deprived of her rightfully earned and legally required overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

40.    Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to Labor Code §558 and other applicable provisions of the Labor Code, and other applicable laws and regulations.


## THIRD CAUSE OF ACTION
### For Failure to Pay Wages in a Timely Manner
#### (Labor Code §§ 204 et seq. and 206 et seq.)
#### (By Plaintiff Against All Defendants)

41.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 40, inclusive, and all other causes of action, as though set forth fully herein.

8




42.    Defendants routinely failed, without justification, and refused to provide Plaintiff with timely wages or pay as required Labor Code Section 204 et seq. and other applicable laws and regulations.

43.    As a direct and proximate result of Defendants' failure and refusal to pay Plaintiff timely, Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys fees and costs, including treble damages pursuant to Labor Code Sec. 206 et seq.

44.    Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to Labor Code §558 and other applicable provisions of the Labor Code, and other applicable laws and regulations.

## FOURTH CAUSE OF ACTION
### For Failure to Pay Meal and Rest Period Compensation
### (Labor Code § 226.7)
### (By Plaintiff Against All Defendants)

45.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 44, inclusive, and all other causes of action, as though set forth fully herein.

46.    Defendants routinely failed and refused to provide Plaintiff with meal and rest periods during her work shifts, and failed and refused to compensate Plaintiff when she worked through said meal and rest periods, as required by Labor Code § 226.7 and other applicable laws and regulations.

47.    Defendants deprived Plaintiff of her rightfully earned compensation for meal and rest periods. As a direct and proximate result of Defendants' failure and refusal to pay said compensation, Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, plus statutory and civil penalties pursuant to Labor Code § 558 and other applicable laws and regulations.

9

## FIFTH CAUSE OF ACTION
### For Failure to Pay Accrued Vacation at Time of Termination of Employment
### (Labor Code §§ 201 and 227.3)
### (By Plaintiff Against All Defendants)

48.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 47, inclusive, and all other causes of action, as though set forth fully herein.

49.     Plaintiff accrued paid vacation in accordance with company policy.  Plaintiff did not take all of her available paid vacation, and was subsequently and sometime thereafter terminated. Defendants failed to pay Plaintiff's vested vacation as wages upon termination of her employment.

50.     Plaintiff is entitled to recover vested vacation as wages, as well as any other applicable civil and statutory penalties pursuant to Labor Code §§ 201 and 227.3.


## SIXTH CAUSE OF ACTION
### For Failure to Furnish Wage and Hour Statements
### (Labor Code §§ 226 and 226.3)
### (By Plaintiff Against All Defendants)

51.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 50, inclusive, and all other causes of action, as though set forth fully herein.

52.     Defendants failed to provide Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing her, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.

53.     Defendants are liable for statutory penalties and civil penalties pursuant to Labor Code §§ 226, 226.3 and 558 and the other applicable laws and regulations.


10

## SEVENTH CAUSE OF ACTION
### For Failure to Maintain Payroll Records
### (Labor Code §§ 226, 1174 and 1174.5)
### (By Plaintiff Against All Defendants)

54.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 53, inclusive, and all other causes of action, as though set forth fully herein.

55.    Defendants failed to maintain complete and accurate payroll records for Plaintiff, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing her, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly rate, and Defendants are therefore not able to furnish said documents and/or information.

56.    Defendants are liable for statutory and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

## EIGHTH CAUSE OF ACTION
### For Wrongful Termination in Violation of Public Policy
### (By Plaintiff Against All Defendants)

57.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 56, inclusive, and all other causes of action, as though set forth fully herein.

58.    It is the public policy of the State of California that employers shall not discharge or otherwise retaliate against employees for reporting illegal conduct on the part of the employer. This public policy is fundamental, substantial, and well-grounded in California statutes including, but not limited to Labor Code §1102.5. This public policy is intended to protect persons like Plaintiff.

11

59.     Defendants violated the public policy of the State of California by suspending and then terminating Plaintiff's employment when she told her supervisor that she was considering reporting Defendants' illegal activities to the authorities.

60.     As a result of the wrongful conduct of Defendants, Plaintiff has suffered damages including but not limited to lost pay and benefits, damage to future employability, and emotional distress, all in an amount within the jurisdiction of this court.

61.     Defendants' conduct, as ratified and committed by their officers, directors and managing agents, was oppressive, malicious and in willful, conscious and reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive and exemplary damages against Defendants.

**NINTH CAUSE OF ACTION**
**For Unfair Competition**
**(Business & Professions Code § 17200 et seq.)**
**(By Plaintiff Against All Defendants)**

62.     Plaintiff incorporates by reference and re-allege paragraphs 1 through 61 inclusive, and all other causes of action, as though set forth fully herein.

63.     Defendants' violations of the Labor Code and other laws and regulations as alleged in this complaint, within the last four years, including Defendants' failure and refusal to pay straight time wages and overtime wages to Plaintiff, Defendants' failure to provide meal and rest breaks, Defendants' failure to furnish Plaintiff with timely and accurate wage and hour statements, Defendants' failure to pay compensation due to Plaintiff in a timely manner, Defendants' failure to maintain complete and accurate payroll records for Plaintiff, and Defendants' wrongful withholding and of wages and compensation due to Plaintiff, and Defendants' wrongful termination of Plaintiff caused actual injury to Plaintiff, and in and among other wrongful,

12

tortious and illegal acts and omissions and constitute unfair business practices in violation of the Unfair Competition Law, <u>Business & Professions Code</u> § 17200, et seq.

64.     Defendants, their shareholders, owners, directors, officers and/or sole proprietors misappropriated and converted to themselves for their individual advantage the unpaid wages and other monies owed to Plaintiff as alleged throughout this complaint.

65.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, and members of the public.  Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

66.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore to Plaintiff the compensation unlawfully withheld from them and for which they were unjustly enriched.

        WHEREFORE, Plaintiffs hereby prays that the Court enter judgment in her favor and against defendants HERB THYME FARMS, INC. and Does 1 through 100, inclusive, and each of them, as follows:

        For payment of earned wages, overtime compensation, meal and rest period compensation, and other damages according to proof in an amount to be ascertained at trial, and in excess of the jurisdictional limit of this Court;

        For payment of lost wages, past and future, and emotional distress;

        For payment of all statutory obligations and penalties as required by law;

        For "civil penalties" to the extent permitted by law and <u>Labor Code</u> §§ 2698 and

13

2699 et seq.

   For an accounting, under administration of Plaintiffs and subject to Court review;

   A declaration of the rights and interests of the parties;

   For prejudgment interest at the legal rate;

   For attorney's fees and costs;

   For costs of suit incurred herein;

   For punitive damages under the Eighth Cause of Action as alleged herein, in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future; and

   For such further relief as the Court may deem appropriate.


Dated: May 25, 2011                    LAW OFFICES OF GENE J. GOLDSMAN


                          By:  _____
                               GENE J. GOLDSMAN
                               ARIK SHAFIR
                               Attorneys for Plaintiff KATHLEEN GUNDERSON

14

B

*Exhibit 'B'*



1  JILL F. TEITELBAUM, Bar No. 184469
   BRAGG & KULUVA
2  555 S. Flower Street
   Suite 600
3  Los Angeles, California 90071
   (213) 612-5335
4  (213) 612-5712 Fax
   jteitelbaum@braggkuluva.com
5
6  Attorneys for Defendant,
   Herb Thyme Farms, Inc.
7
8
9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11  KATHLEEN GUNDERSON,
                                        CASE NO. BC462349
12       Plaintiff,
                                        **ANSWER TO UNVERIFIED COMPLAINT**
13           vs.
                                        Judge: Hon. R. Sohigian
14  HERB THYME FARMS, INC.; AND DOES 1  Dept.:  41
    TO 100, INCLUSIVE,
15                                       Complaint Filed:   May 26, 2011
         Defendants.                     Trial Date:        TBD
16
17
18      Defendant HERB THYME FARMS, INC. ("Defendant") answers the unverified Complaint
19  of Plaintiff KATHLEEN GUNDERSON ("Plaintiff") as follows:
20                          GENERAL DENIAL
21      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally
22  and specifically each and every material allegation of the Complaint, and specifically denies that it
23  has damaged Plaintiff in any amount whatsoever.
24      Further answering the Complaint, Defendant denies that the Plaintiff sustained any injury,
25  damage or loss by reason of any act of omission or breach of warranty, either express or implied, on
26  the part of Defendant or any agent, servant, or employee of Defendant.
27
28

                                    1
                  ANSWER TO UNVERIFIED COMPLAINT

JILL F. TEITELBAUM, Bar No. 184469
BRAGG & KULUVA
555 S. Flower Street
Suite 600
Los Angeles, California 90071
(213) 612-5335
(213) 612-5712 Fax
jteitelbaum@braggkuluva.com

Attorneys for Defendant,
Herb Thyme Farms, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

KATHLEEN GUNDERSON,

      Plaintiff,

      vs.

HERB THYME FARMS, INC.; AND DOES 1
TO 100, INCLUSIVE,

      Defendants.

CASE NO. BC462349

**ANSWER TO UNVERIFIED COMPLAINT**

Judge: Hon. R. Sohigian
Dept.:  41

Complaint Filed:    May 26, 2011
Trial Date:        TBD

      Defendant HERB THYME FARMS, INC. ("Defendant") answers the unverified Complaint of Plaintiff KATHLEEN GUNDERSON ("Plaintiff") as follows:

GENERAL DENIAL

      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every material allegation of the Complaint, and specifically denies that it has damaged Plaintiff in any amount whatsoever.

      Further answering the Complaint, Defendant denies that the Plaintiff sustained any injury, damage or loss by reason of any act of omission or breach of warranty, either express or implied, on the part of Defendant or any agent, servant, or employee of Defendant.

1

ANSWER TO UNVERIFIED COMPLAINT

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      As a separate and independent affirmative defense, Defendant alleges that to the extent that Plaintiff's claims are based on conduct occurring outside the applicable period of limitation, those claims are barred by the applicable statutes of limitation, including *Code of Civil Procedure* sections 335.1; 337; 338(a); 339(1); 340 (a)-(c).

### SECOND AFFIRMATIVE DEFENSE

2.      Any recovery by Plaintiff should be barred or reduced as a result of Plaintiff's failure to act reasonably to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

3.      As a separate and independent affirmative defense to each and every purported claim for injury to Plaintiff's health, including without limitation emotional injuries, Defendant alleges that if the alleged injuries occurred (which Defendant denies), they arose out of and were sustained during the course and scope of Plaintiff's employment and were proximately caused by Plaintiff's employment.  Defendant also alleges that Defendant secured payment for such injuries for its employees in accordance with the provisions of the Workers' Compensation Act, California Labor Code Section 3200 *et seq*.  Therefore, this Court is without jurisdiction, and the Workers' Compensation Appeals Board has exclusive jurisdiction over Plaintiff's claims for such injuries.

### FOURTH AFFIRMATIVE DEFENSE

4.      As a separate and independent affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action and prayer for relief therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

5.      As a separate and independent affirmative defense, Defendant alleges that its conduct in regard to Plaintiff was in good faith and without fraud, oppression or malice for Plaintiff and her rights, thereby precluding any and all claims for punitive or exemplary damages.

**ANSWER TO UNVERIFIED COMPLAINT**

SIXTH AFFIRMATIVE DEFENSE

6.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's claims are barred by the equitable doctrines of laches, waiver and estoppel.

SEVENTH AFFIRMATIVE DEFENSE

7.     As a separate and independent affirmative defense, Defendant alleges that to the extent the Complaint asserts illegal conduct not alleged in a charge filed with the California Department of Fair Employment and Housing ("DFEH"), the allegations could not be expected to flow from any investigation conducted by the DFEH, and Plaintiff has failed to exhaust her administrative remedies as required by the Fair Employment and Housing Act, California Government Code Section 12900 *et seq.*

EIGHTH AFFIRMATIVE DEFENSE

8.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's claims are barred by her failure to timely exhaust her administrative remedies, in whole or in part, pursuant to California Government Code Section 12900 *et seq.*, to the extent such claims are based upon events, incidents, acts, or omissions that occurred more than one year prior to Plaintiff's filing any charge with the Department of Fair Employment and Housing ("DFEH").

NINTH AFFIRMATIVE DEFENSE

9.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's claims fail because Defendant's actions, conduct and omissions to act with regard to Plaintiff have at all times been justified, privileged and made in good faith.

TENTH AFFIRMATIVE DEFENSE

10.     As a separate and independent affirmative defense, Defendant alleges that, to the extent Plaintiff has suffered the damages alleged in the Complaint, such damages were not caused by Defendant, but by the acts or omissions of Plaintiff or others.

ELEVENTH AFFIRMATIVE DEFENSE

11.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's causes of action are barred in their entirety to the extent that Plaintiff consented to the actions of which she complains.

3

ANSWER TO UNVERIFIED COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff failed to act in good faith towards Defendant, and any recovery obtained by Plaintiff in this action must therefore be diminished according to the relative bad faith of Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's own negligence and/or reckless or intentional misconduct bars her claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's claim for attorneys' fees is barred to the extent such fees are not recoverable for the claims alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's Complaint and each purported cause of action set forth therein is barred by Labor Code sections 2854, 2858, 2859, and 2865 because Plaintiff failed to use ordinary care and diligence or failed to exercise a reasonable degree of skill in performing the terms and conditions of employment.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a separate and independent affirmative defense, Defendant alleges that any purported disparity in treatment of Plaintiff was not based on Plaintiff's alleged threats to "blow the whistle," but was based on one or more legitimate, non-retaliatory reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's claims are barred by reason of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Defendant exercised reasonable care to prevent and correct promptly any retaliatory behavior in the workplace and

4

**ANSWER TO UNVERIFIED COMPLAINT**

1   Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities

2   provided by Defendant or to otherwise avoid harm.

3   ## NINETEENTH AFFIRMATIVE DEFENSE

4   19.   As a separate and independent affirmative defense, Defendant alleges that Plaintiff's

5   Cause of Action for Wrongful Termination is barred because there is no causal connection or nexus

6   between any alleged adverse employment actions and any alleged protected activity.

7   ## TWENTIETH AFFIRMATIVE DEFENSE

8   20.   As a separate and independent affirmative defense, Defendant alleges that Plaintiff's

9   First -Seventh, and Ninth Causes of Action are barred because Plaintiff fell under one or more of the

10   exemptions to laws requiring the payment of overtime and Plaintiff was provided all required meal

11   and rest breaks.

12   ## TWENTY-FIRST AFFIRMATIVE DEFENSE

13   20.   Plaintiff is barred from or limited in her recovery in this action under the doctrine of

14   after-acquired evidence.

15

16   ## PRAYER FOR RELIEF

17   WHEREFORE, Defendant requests relief as follows:

18   1.   That Plaintiff takes nothing by reason of the Complaint;

19   2.   For the cost of this suit; and,

20   3.   For such other and further relief as the Court may deem proper.

21

22   DATED: June 29, 2011                                    BRAGG & KULUVA

23

24

25   By: _____

26   JILL F. TEITELBAUM
    Attorneys for Defendant
27   Herb Thyme Farms, Inc.

28

**ANSWER TO UNVERIFIED COMPLAINT**

## PROOF OF SERVICE BY MAIL

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

C.C.P. Sections 1013 and 1013a

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; I work in the County of Los Angeles, California, in which County the within mailing took place; and I am not a party to the subject case.  My business address is 555 S. Flower Street, Suite 600, Los Angeles, California 90071.

I am familiar with the practice of this law firm for the collection and processing of documents for mailing with the United States Postal Service, that the documents would be deposited with the United States Postal Service that same day in the ordinary course of business.

On June 29, 2011, I placed the within **ANSWER TO UNVERIFIED COMPLAINT** in an envelope(s) sealed, with postage thereon fully prepaid, and following the ordinary business practices of this law firm, placed said envelope(s) for collection and mailing to the parties to the within action, at Los Angeles, California, addressed as follows:

Gene J. Goldsman
Law Offices of Gene J. Goldsman
501 Civic Center Drive West
Santa Ana, CA  92701-4059

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this day June 29, 2011, at Los Angeles, California.

Noura A. Christensen

**ANSWER TO UNVERIFIED COMPLAINT**

# PROOF OF SERVICE BY MAIL
## (FRCivP 5(b)) or FRAP 25(d))

I am employed with the law firm of Bragg & Kuluva, whose address is 555 S. Flower Street, Suite 600, Los Angeles, CA 90071; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Bragg & Kuluva's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Bragg & Kuluva's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Bragg & Kuluva with postage thereon fully prepaid for collection and mailing.  I further declare that on the date hereof I served a copy of:

## NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (DIVERSITY JURISDICTION)

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Bragg & Kuluva, 555 S. Flower Street, Suite 600, Los Angeles, CA 90071, in accordance with Bragg & Kuluva's ordinary business practices:

Gene J. Goldsman
**Law Offices of Gene J. Goldsman**
501 Civic Center Drive West
Santa Ana, CA  92701-4059

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed at Los Angeles, California, this 30th day of June 2011.

Noura Ammar Christensen
(Handwritten)                                          (Signature)